IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROGER DALE JARRELL**                                                                              **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 1:16CV427 LG-LRA**

**NANCY BERRYHILL, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the Commissioner's Motion to Dismiss Plaintiff's Complaint. The Commissioner contends that Plaintiff's Complaint was not timely filed within the 60-day statute of limitations provided by 42 U.S.C. § 405(g), and moves to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b). The undersigned finds that the motion is well taken and should be granted for the reasons that follow:

> Section 405(g) of the Social Security Act provides in relevant part as follows:
>
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Social Security regulations further provide that "the date of receipt of [the] notice of denial of request for review of the presiding officers' decision or notice of the decision of the Appeals Council shall be presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c)

(2000). *See also Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000) (holding that statute of limitations for challenging Commissioner's decision denying disability insurance benefits begins to run five days after the notice of Commissioner's decision is mailed to claimant).

In the instant case, the ALJ issued a decision denying Plaintiff's claim for disability benefits on July 22, 2015. The Appeals Council subsequently denied Plaintiff's request for review on September 22, 2016. Applying the five-day presumption for mailing, Plaintiff was deemed to have received the *Notice of Appeal Council Action* denying his request for review on September 27, 2016. Plaintiff was therefore required to commence judicial review on or before Monday, November 28, 2016. Because Plaintiff did not file the instant Complaint until December 5, 2016, the Commissioner argues that his cause of action is untimely.

Plaintiff does not deny that his appeal is untimely, and he has filed no response or otherwise challenged the motion to dismiss. Further, nothing of record indicates that he requested an extension to file an appeal in district court. Nor does he assert grounds for equitable tolling. Because Plaintiff has provided the Court with no explanation for his failure to timely comply with the requirements of 42 U.S.C. § 405(g), his appeal must be dismissed.

For these reasons, it is hereby recommended that the Commissioner's Motion to Dismiss Plaintiff's Complaint as untimely be granted, and this case be dismissed with prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on November 22, 2017.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
